IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-40408
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

SAUL CAVAZOS,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
- - - - - - - - - -
August 1, 1997

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Saul Cavazos was convicted for possession of marijuana with intent to distribute and has appealed his sentence. Cavazos states several times in his brief that, contrary to statements made by the district court, he was not sentenced at the bottom of the guideline imprisonment range. Cavazos is incorrect. Cavazos' base offense level of 26 was reduced by three levels for acceptance of responsibility. Cavazos' total offense level of

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

23, together with a criminal history category III, resulted in a guideline imprisonment range of 57-71 months.  Cavazos was initially sentenced to a 57-month term of imprisonment.  The district court departed downward one level in granting the Government's § 5K1.1 motion.  The resulting guideline imprisonment range was 51-63 months.  Cavazos' term of imprisonment, following the departure, was 51 months.  Although Cavazos did not receive the shortest possible aggregate sentence because the district court did not order that the sentences for the two drug convictions run concurrently, Cavazos was sentenced at the bottom of the guideline range for the instant offense.[2]

Cavazos argues that the district court should have sentenced him to serve his sentences for his two possession-of-marijuana convictions concurrently.  Cavazos contends that the district court would have been persuaded to order concurrent sentences if the Government had been compelled to divulge evidence showing Cavazos' minor role in the offense.[3]

When a defendant is subject to an undischarged term of

---

[2]     The source of this confusion appears to be a misprint in the district court's statement of reasons for imposing its sentence, in which the criminal history category is listed as "II" instead of "III."  The guideline range listed in that document is for a level 23, category III, however, and the analysis in the PSR, which was adopted by the district court, found that Cavazos has a criminal history category of III.

[3] Cavazos does not raise as an issue on appeal whether his offense level should have been adjusted under U.S.S.G. § 3B1.2 because of his minor role in the offense.

imprisonment, the district court generally has authority to impose a term of imprisonment on the current offense to run concurrently with, or consecutively to, the prior undischarged term of imprisonment, subject to consideration of the factors listed in 18 U.S.C. § 3553(a) and applicable guidelines or policy statements.[4]  See U.S.S.G. § 5G1.3 comment. (background note) (citing 18 U.S.C. § 3584(a)).  The guidelines permit the district court to impose a concurrent or consecutive sentence (except in circumstances not applicable here) "to achieve a reasonable punishment for the instant offense."  § 5G1.3(c).  The commentary to § 5G1.3 provides:

> To achieve a reasonable punishment and avoid unwarranted disparity, the court should consider the factors set forth in 18 U.S.C. § 3584 (referencing § 3553(a)), and be cognizant of:
>
> (a)   the type(e.g., determinate, indeterminate, parolable) and length of the prior undischarged sentence;
>
> (b)   the time served on the undischarged sentence and the time likely to be served before release;
>
> (c)   the fact that the prior undischarged sentence may have been imposed in state court rather than federal court, or at a different time before the same or different federal court; and
>
> (d)   any other circumstance relevant to the

---

[4] Because the district court clearly had authority to impose a concurrent sentence under § 5G1.3(c), Cavazos's argument regarding whether the district court erroneously believed that it lacked authority to depart downward is a "red herring."  A concurrent sentence would not have involved a departure from the guidelines.

3

determination of an appropriate sentence for the instant offense.

§ 5G1.3 comment. (n.3).[5]

---

[5]   The factors set forth in § 3553(a) are as follows:
   (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

   (2) the need for the sentence imposed--
      (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide punishment for the offense;
      (B) to afford adequate deterrence to criminal conduct;
      (C) to protect the public from further crimes of the defendant; and
      (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

   (3) the kinds of sentences available;

   (4) the kinds of sentence and the sentence range established for--
      (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines that are issued by the Sentencing Commission pursuant to § 994(a)(1) of title 28 United States Code, and that are in effect on the date the defendant is sentenced . . .

   (5) any pertinent policy statement issued by the Sentencing Commission  pursuant to 28 U.S.C. § 994(a)(2) that is in effect on the date the defendant is sentenced;

   (6) the need to avoid unwarranted sentence discrepancies among defendants with similar records who have been found guilty of similar conduct; and

   (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a); see United States v. Richardson, 87 F.3d 706, 709 (5th Cir. 1996).

Although § 5G1.3(c) is a "policy statement," it, along with and its interpretive commentary, is binding on the district court. United States v. Alexander, 100 F.3d 24, 25-26 (5th Cir. 1996), cert. denied, 117 S. Ct. 1273 (1997). "District court decisions as to the application of consecutive or concurrent sentences are reviewed for abuse of discretion." Richardson, 87 F.3d at 709; see id. at 711 (inferring that the district court had considered the § 3553(a) factors from its statement that it had considered the objectives of punishment and deterrence in imposing sentence).

In this case, it is clear that the district court believed that the sentences should run consecutively because the two convictions involved two separate offenses. The district court was plainly aware of the aggregate sentence for the two drug convictions and considered that sentence to be appropriate under the circumstances. Although the district court did not expressly apply the § 3553(a) factors, the district court's reasons for imposing consecutive sentence are no more obscure than those which were found adequate by the court in Richardson. See 87 F.3d at 710-11. Cavazos had been released on bond following his arrest for possession of marijuana with intent to distribute. He jumped bond and committed another narcotics violation while he was a federal fugitive. Id. The district court's imposition of consecutive sentences did not result in an unreasonable aggregate sentence under these circumstances and did not constitute an

5

abuse of discretion.  Cavazos was sentenced at the bottom of the guideline range.

Cavazos contends that he should have been permitted to elicit mitigating evidence showing his minor role in the offense. Cavazos concedes that the facts which he believes are in dispute did not affect his sentence but argues that the district court should have resolved those factual disputes, nevertheless, because of their impact upon his eligibility for parole and upon the conditions of his confinement.  Under U.S.S.G. § 6A1.3(b), the district court is required to resolve "disputed sentencing factors" in accordance with Fed. R. Crim. P. 32(a)(1). "When a reasonable dispute exists about any factor important to the sentencing determination, the court must ensure that the parties have an adequate opportunity to present relevant information."  § 6A1.3 comment.  Under Rule 32(c), the district court must rule on unresolved objections to the PSR.

> The court may, in its discretion, permit the parties to introduce testimony or other evidence on the objections.  For each matter controverted, the court must make either a finding on the allegation or a determination that no finding is necessary because the controverted matter will not be taken into account in, or will not affect, sentencing.

Fed. R. Crim. P. 32(c)(1).  The district court determined that the disputed facts did not affect the guideline calculation, and sentenced Cavazos at the low end of his guideline imprisonment range on the basis of Cavazos' version of his role in the offense.  The district court expressly held that, under Cavazos'

6

version of his role in the offense, no adjustment in guideline level, up or down, was merited. See United States v. Mueller, 902 F.2d 336, 346-47 (5th Cir. 1990). For that reason, evidence pertinent to Cavazos' role in the offense was not considered. The district court complied with Rule 32(c). Cavazos' eligibility for parole and conditions of confinement are not "sentencing factors." Cavazos has not cited any authority which stands for the proposition that factors pertinent to parole and conditions of confinement must be resolved at sentencing.

Cavazos contends that the district court erred in determining that the sentences for the prior drug conviction and the bond-jumping conviction were "prior sentences" within the meaning of U.S.S.G. § 4A1.2, in calculating Cavazos' criminal history score. The district court credited Cavazos for time served from the date of his second arrest in January 1995. Cavazos was sentenced for the prior marijuana conviction and bond-jumping conviction after that date. Cavazos contends that these sentences were not "prior sentences" because he had already begun serving his sentence for the second marijuana conviction at the time he was sentenced for those crimes. This argument is without merit.

"The term 'prior sentence' means any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." § 4A1.2(a)(1). "'Prior sentence' means a

7

*sentence imposed prior to sentencing on the instant offense*, other than a sentence for conduct that is part of the instant offense."[6]  § 4A1.2 comment. (n.1) (emphasis added).  Because the sentences for the first marijuana-possession conviction and the bond-jumping conviction were imposed prior to sentencing for the instant offense, they were clearly "prior sentence[s]" for purposes of § 4A1.2.

AFFIRMED.

---

[6] Cavazos does not argue that the prior sentences are related because they resulted from a common scheme or plan.  <u>See</u> § 4A1.2 comment. (n.2).